No. 20,595.

KENNETH A. SELBY, IN THE MATTER OF TRANSPORT
CLEARINGS OF COLORADO, INC., *v.* DON D. BOWMAN,
JUDGE OF THE DISTRICT COURT.
(380 P. [2d] 676)

Decided February 25, 1963.

Mr. KENNETH A. SELBY, for petitioner.

Mr. JOSEPH N. LILLY, for respondent.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the
Court.

IN an original proceeding the petitioner, plaintiff in

the trial court, seeks an order of this Court requiring respondent to vacate a "stay of proceedings" order entered in an action pending in the Denver district court and directing that court to then proceed in the cause in accordance with the Rules of Civil Procedure. The respondent entered the stay order and declined to further proceed on the ground that in his view an order of the bankruptcy court enjoined further proceedings in the pending litigation. Contending that respondent had misinterpreted the order of the bankruptcy court, plaintiff, petitioner here, then instituted this original proceeding, upon which we issued an order to show cause. Respondent has filed a response thereto, and accordingly the matter is at issue and awaits our determination. For the reasons set forth below, we conclude that the rule to show cause should be made absolute.

The chronology of undisputed facts deemed necessary to an understanding of the controversy is as follows:

1. Transport Clearings of Colorado, Inc., a Colorado corporation, as plaintiff, filed an action in the Denver district court, naming as defendants "Truck Equipment Company, a Colorado corporation, and the Ajax Iron Works Company, d/b/a Truco Denver, Inc.";

2. In aid of its action plaintiff caused a writ of attachment to issue against the property of the defendants;

3. Defendants deposited a certified check for $4,250 in the registry of the court as security in lieu of attachment;

4. These defendants were served but have filed no answer and are in default;

5. Under Rule 33, R.C.P. Colo., plaintiff served written interrogatories upon defendants but the defendants have made no response thereto, the time allowed therefor having long since expired;

6. Plaintiff filed a "Motion for Relief under Rule 37, R.C.P. Colo."; and

7. At the hearing on this "Motion for Relief under

Rule 37" defendants tendered the respondent an order of the United States District Court.

The trial judge, respondent here, held that this order of the United States District Court enjoined him from hearing plaintiff's "Motion for Relief under Rule 37" and accordingly stayed further proceedings in the matter.

Petitioner contends that in so doing the respondent misinterpreted the order of the bankruptcy court and that the order *as entered* does *not* enjoin further proceedings in its action against "Truck Equipment Company, a Colorado corporation, and the Ajax Iron Works Company, d/b/a Truco Denver, Inc.," the defendants in the trial court.

There being a dispute as to the scope and effect of the order of the bankruptcy court, we deem it of sufficient importance to set it forth in its entirety. It reads as follows:

"IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
IN BANKRUPTCY
NO. 32895

IN THE MATTER OF
THE CLUTE CORPORATION,            } O R D E R
a Colorado corporation,

IN PROCEEDINGS FOR THE REORGANIZATION
OF A CORPORATION UNDER THE PROVISIONS
OF CHAPTER X OF THE BANKRUPTCY ACT.

The petition of Debtor, the Clute Corporation, for stay of all suits presently pending and which may be filed hereafter against Debtor having been presented to the Court, the Court being fully advised in the premises and for good cause shown, it appearing that immediate and irreparable injury, loss and damage will result to said Debtor, the creditors and stockholders thereof, by the continuance of pending proceedings, by levy, execution and the prosecution of proceedings supplemental to judgment, and it appearing that the plaintiffs

in such actions would suffer no loss by delaying the continuation of such proceedings until the petition by said Debtor praying that proceedings be had under Chapter X of the Bankruptcy Act is either approved or dismissed, or until further order of this Court.

IT IS ORDERED:

That, until further order of this Court, all proceedings in all actions set forth in Exhibit A attached hereto and all other actions which may be or may have been filed in any court of law or equity against the said Debtor, and all attempts at levy, execution, attachment, garnishment or further proceedings supplemental to judgment against Debtor or to enforce a lien against the Debtor's property be and the same hereby are enjoined and stayed from continuing."

█ Exhibit A is not set forth verbatim, since it is agreed that petitioner's action against the defendants is not one of the actions listed therein. Hence the question posed is whether the respondent was correct in determining that the bankruptcy order precluded further proceedings in petitioner's action against the defendants. In so holding, we conclude that respondent was in error.

The petitioner's action is against "Truck Equipment Company, a Colorado corporation, and the Ajax Iron Works Company, d/b/a Truco Denver, Inc." and is not against "The Clute Corporation, a Colorado corporation." The portion of the bankruptcy order which enjoins further proceedings in "all . . . actions which may be or may have been filed in any court of law or equity against the said Debtor," i.e. The Clute Corporation, clearly does not justify the respondent in refusing to proceed in petitioner's action against Truck Equipment Company and Ajax Iron Works Company. The bankruptcy order also enjoins further proceeding "in all actions set forth in Exhibit A attached hereto." Exhibit A lists some forty-three actions, and identifies them by name, but petitioner's action against Truck Equipment

Company and Ajax Iron Works Company is not one of the actions so listed. Thus the bankruptcy order by its own terms does *not* enjoin further proceedings in petitioner's action against "Truck Equipment Company, a Colorado corporation, and the Ajax Iron Works Company, d/b/a Truco Denver, Inc."

In the hearing before the trial court on plaintiff's "Motion for Relief under Rule 37," counsel for Truck Equipment Company and Ajax Iron Works Company sought to enlarge upon the bankruptcy order by verbally declaring that "Truck Equipment Company is a division of the Clute Corporation." No evidence in support of this assertion was offered or sought to be offered. It was pointed out, however, that in many of the cases listed on Exhibit A, "Truck Equipment Company" or "Ajax Iron Works Company, d/b/a Truco Denver, Inc." were named defendants, though petitioner's action against these business entities was not listed in the exhibit. Additionally, exhibit A listed actions in which the named defendant was variously designated as "Truck Equipment Company, a.k.a. The Clute Corporation." This, however, is no *proof* that Truck Equipment Company actually is a "division of the Clute Corporation."

Also in the hearing before the trial court counsel for the defendants advised the court that exhibit A "is in error [in] that it did not list Transport Clearings of Colorado, Inc. v. Truck Equipment Company," et al. This may or may not be true. In any event we must accept the bankruptcy order as entered, and are not at liberty to add to it. In short, if the bankruptcy court desires to enjoin further proceedings in petitioner's action against Truck Equipment Company and Ajax Iron Works Company, it may of course do so, but as we view the order it has not yet done so. Accordingly, the rule is made absolute and respondent directed to vacate the "stay of proceedings" order and proceed to hear and determine the action by Transport Clearings of Colorado,

Inc., against Truck Equipment Company and Ajax Iron Works, d/b/a Truco Denver, Inc.

MR. JUSTICE MOORE not participating.